**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| KATHERINE G. AVERY, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 07-1263-MLB |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. U.S. Magistrate Judge John Thomas Reid's Recommendation and Report filed May 2, 2008 (Doc. 13);

2. Plaintiff's objection filed May 12, 2008 (Doc. 14); and

3. Defendant's response filed May 16, 2008 (Doc. 15).

The standard of review of a report and recommendation of a U.S. magistrate judge is well known. "A judge of the court shall make a de novo determination of those portions of the report . . . as to which objection is made." 28 U.S.C. § 636(b)(1)(C). The portions of the magistrate judge's report and recommendation to which objections are made must be specifically identified. Fed. R. Civ. P. 72(b). Conclusive or general objections need not be considered by the district court. State Contracting & Engineering Corp. v. Condotte America, Inc., 197 Fed. Appx. 915, 919 2006 WL 2045782 (C.A. Fed) quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). See also Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991) which points out that general objections cause the magistrate and district judges to perform identical tasks, which

wastes resources.

In plaintiff's eight page objection to Magistrate Judge Reid's R & R, the word "magistrate" appears only five times, as follows:

- [A] reading of the Report will reveal that the Magistrate does a significant amount of analysis and gap-filling on behalf of the ALJ. (Doc. 14 at 1);

- [T]he Report clearly indicates that the Magistrate provided a significant amount of *post hoc* justification and analysis that the ALJ did not provide when rejecting the medical evidence of record supporting Avery's claim for disability. (Id. at 2);

- [T]he Magistrate did not adequately consider her argument that the ALJ's analysis of the medical evidence is wholly inadequate and does not provide substantial evidence to support a denial. (Id.);

- [T]he Magistrate did not adequately consider her argument that the ALJ erred by failing to find that her carpal tunnel syndrome constituted a severe impairment. (Id. at 5).

- [T]he Magistrate did not adequately consider his [sic] argument that the ALJ erred in his [sic] credibility assessment. (Id. at 7).

In his 19 page Recommendation and Report, Magistrate Judge Reid considered and discussed each of the ALJ's errors raised by plaintiff, with one exception. Although this court believes that plaintiff's claims of error are fundamentally general and conclusory, the court nevertheless has reviewed the record, including the ALJ's decision (R. at 503-22), plaintiff's Appeal Brief (id. at 493-98) and her brief to Magistrate Judge Reid (Doc. 6) for the purpose of a de novo review.

Plaintiff does not identify the "analysis and gap-filling" or the "*post hoc* justification and analysis" allegedly done by Magistrate Judge Reid. Thorough review, discussion and analysis do not qualify as "gap-filling" or "*post hoc* justification." This does not present a reviewable claim of error.

-2-

Plaintiff complains at length regarding the ALJ's failure to "adequately consider" the testimony of her medical expert, Anthony E. Francis, M.D., that the ALJ did not provide sufficient rationale for discounting objective findings regarding impairments identified in the medical record and that "defendant did not apply correct legal standards when evaluating the medical evidence." However, plaintiff does not explain how Magistrate Judge Reid failed to "adequately consider" her arguments regarding the ALJ's analysis of the medical evidence. Magistrate Judge Reid discussed the ALJ's evaluation of Dr. Francis' testimony at length (Doc. 13 at 11-16) and plaintiff does not identify how Magistrate Judge Reid erred in his analysis, either factually or legally. Similarly, Magistrate Judge Reid discussed the ALJ's impairment findings. (Id. at 16). Plaintiff does not point out the errors in his analysis. Defendant's statement that "defendant" did not apply correct legal standards is wholly conclusory, even if the court assumes she is referring to Magistrate Judge Reid.

Five pages of the report and recommendation are devoted to an analysis of plaintiff's claim that the ALJ erred in finding that plaintiff's carpal tunnel syndrome was not a severe impairment. (Id. at 6-10). Plaintiff does not explain how Magistrate Judge Reid failed to "adequately consider" her argument.

Finally, plaintiff claims that Magistrate Judge Reid did not "adequately consider" her argument that the ALJ erred in assessing her credibility. Once again, Magistrate Judge Reid devoted several pages to the ALJ's credibility determination (id. at 17-19) and plaintiff does not explain how his consideration was inadequate.

Buried in plaintiff's claim regarding carpal tunnel syndrome is

-3-

a Luna v. Bowen argument regarding pain (Doc. 6 at 7 and Doc. 14 at 6). Plaintiff asserts that the ALJ attempted to comply with Luna v. Bowen ". . . but she fell short." Magistrate Judge Reid did not specifically address this claim, so the court will include it in this de novo review.

The ALJ's Luna v. Bowen analysis appears on pages 13-16 of her March 9, 2007 decision (R. at 515-18). Contrary to plaintiff's conclusory claim that the ALJ "clearly" did not make a Luna v. Bowen analysis, the record "clearly" shows she did and the court finds no error in the analysis.

In conclusion, the court finds that Magistrate Judge Reid "adequately considered" plaintiff's claims regarding ALJ error, with one exception. As to that exception, the court finds that the ALJ's findings are supported by the record and are made in accordance with applicable authority.

Accordingly, plaintiff's objection (Doc. 14) is overruled and the court adopts his recommendations. Plaintiff's Luna v. Bowen objection to the ALJ's decision is likewise overruled.

IT IS SO ORDERED.

Dated this ___23rd___ day of May 2008, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE